# LANGLEY AND MICHAELS COMPANY *v.* S. HARRY OKA.

## No. 1607.

ERROR TO CIRCUIT COURT FIFTH CIRCUIT.
HON. W. C. ACHI, JR., JUDGE.

ARGUED MAY 27, 1925.                    DECIDED AUGUST 18, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

CONDITIONAL SALES—*construction and operation—possession.*

Where a conditional sales contract provides that title to the property subject to the contract shall not pass to the buyer upon delivery thereof but shall remain in the conditional vendor until the purchase price shall have been paid in full and in case the buyer parts with the possession of the chattel before full payment therefor the conditional vendor may retake the same as between the parties to the contract the conditional vendee until default has a prior right of possession to the chattel over everyone, including the vendor. Not so a stranger. As to the latter the conditional vendor has the superior right of possession.

SAME—*waiver of reservation of title or remedy to retake possession.*

Where such a contract contains the additional provision that in case the buyer parts with the possession of the chattel subject thereto before full payment therefor the conditional vendor may at his option retake the chattel or waive his claim to it, in which latter event the conditional vendee agrees to pay immediately the whole of the purchase price, mere passivity or inaction on the part of the conditional vendor resulting in his failure to retake possession does not constitute a waiver of the condition of the contract reserving title to the chattel in the conditional vendor nor a waiver of the remedy reserved to retake in case of default.

OPINION OF THE COURT BY PETERS, C. J.

This is an action of replevin. Plaintiff in error was plaintiff below. Trial was had with a jury which returned a verdict for defendant. Of the errors assigned but two need be considered, namely, the refusal of a directed

verdict for plaintiff and the denial of a motion for judgment for plaintiff notwithstanding the verdict. The chattels involved were the subject of a conditional sales contract dated October 21, 1920, between plaintiff in error and the Kauai Drug Company, a general copartnership composed of J. C. E. Taber and C. L. Lienau. The following terms of the contract are pertinent to the issues: "*Payments*: For which I/we agree to pay as follows: * * * Balance of 893.52 Dollars to be paid in equal monthly installments of 24.82 Dollars each, payable on the fifteenth day of each and every month hereafter until paid, beginning Jan. 15, 1921; interest to be paid on all deferred payments at the rate of six per cent per annum from Jan. 15, 1921, until paid. *Title*: It is particularly agreed that the title to said property shall not pass to the buyer on delivery thereof, but shall remain in Langley & Michaels Company until the purchase price shall have been paid in full. In case of any default in payment of the purchase price, or of any installment thereof, or interest thereon, or in case the buyer parts with the possession of the property * * * before full payment therefor, Langley & Michaels Company shall, at its option, be entitled to any of the following remedies: 1. It may immediately retake possession thereof, either with or without resort to legal process, retain all amounts paid on account of the purchase price as consideration for use of the property, and consider this contract as terminated and as at an end; or 2. Waive all claim to the property herein described, and, in such event, I/we agree to pay immediately the whole of the purchase price with interest as herein provided. The commencement of an action to recover the unpaid portion of the purchase price with interest shall be sufficient exercise of this option; or 3. Retake possession of said personal property, either with or without resort to legal

process, sell the same as a whole or in parts, either at public auction or at private sale, either with or without notice, and apply the net amount so realized after the payment of all expenses, including attorney's fees, toward the payment of said purchase price. After such sale, in case there is any unpaid portion of the purchase price or interest, I/we agree to pay the same immediately to said Langley & Michaels Company; in case there is any excess over the purchase price, said Langley & Michaels Company shall immediately pay the same to the buyer. At any such sale said Langley & Michaels Company, or any agent thereof, may become a buyer."

The property was delivered to the Kauai Drug Company in November or December, 1920. On April 9, 1921, Lienau assigned his interest in the copartnership to Taber. On June 28, 1921, Taber mortgaged the following property to the Bank of Kauai, Limited: "All goods, wares, merchandise, fixtures, and incidentals belonging to, carried on, and connected with the business of said mortgagor, who is doing business as the Kauai Drug Company at Kapaa, and all goods, wares and merchandise, fixtures, incidentals that may hereafter belong to, carried on, and (or) be connected with the said business." On April 8, 1922, Taber petitioned the United States district court for the Territory of Hawaii to be adjudicated a bankrupt and it was so ordered on April 10, following. On April 22, 1922, the trustee in bankruptcy made report of no assets and apparently never took possession of the property subject to the conditional sales contract nor elected to complete said contract. In Taber's schedules in bankruptcy filed April 8, 1922, he disclosed the existence of the additional sales contract and admitted that there was due thereon the sum of $776.68. This was $255.56 in excess of what should have been due had all instalments been paid to date. The

defendant claims title to the chattels under two bills of sale to him, one dated October 14, 1922, from the mortgagee upon foreclosure at private sale, and the other dated April 25, 1923, from the assignee of the mortgagee who was a purchaser upon the second foreclosure by public auction. The assignment and second foreclosure were apparently made and undertaken upon the theory that the earlier foreclosure was ineffectual to pass title. The defendant took possession of the chattels subject to the contract on October 25, 1922, at the premises of the Kauai Drug Company where they had been since their delivery. Demand therefor was made of the defendant by the conditional vendor on October 15, 1923, and refused. The last instalment under the contract was due on December 15, 1923, and this suit was brought five days later. No effort was made by the conditional vendor to retake possession of the property until the demand referred to. The plaintiff in error is a foreign corporation and had no resident agent in Hawaii. Its traveling representative saw the chattels in the store of the Kauai Drug Company from time to time on his biannual trips to these islands. In November, 1921, he urged Taber to give preference to his current account with the firm. He also knew that the representatives of the mortgagee and its assignee were negotiating the sale to the defendant of all the property subject to the mortgage of June 28, 1921, including the property subject to the conditional sales contract. Prior to sale he gave the mortgagee and its assignee notice of the conditional sales contract and the indebtedness due thereunder. The defendant had no notice thereof.

Plaintiff in error contends that the conditional vendee breached the conditions of the conditional sales contract in respect to the payment of monthly instalments and against parting with possession of the property sub-

ject thereto before full payment therefor and that under the optional remedies reserved to it by the contract it was entitled to retake the possession of the property. Defendant in error, on the other hand, claims (1) that the plaintiff in error failed to show any default in the payment of monthly instalments; (2) that if the conditional vendees were guilty of breach of the conditions of the contract in respect to payment of instalments or possession the same had been waived by plaintiff in error; (3) that the conditional vendor under the optional remedies reserved to it under the contract had resorted to the remedy provided in paragraph 2 and waived all claim to the property subject to the contract, and (4) that the conditional vendor by its actions and conduct was estopped to assert title against the defendant.

The assignments of error considered herein may be approached in the light of a demurrer to the evidence. In our opinion the verdict finds no support in the evidence and the only reasonable conclusion of which the same is capable is that the plaintiff in error was never divested of nor abandoned title to the chattels subject to the conditional sales contract. If so, it was entitled to recover the possession of the chattels and a judgment for the defendant was error.

As between the parties to the conditional sales contract the conditional vendees until default had a superior right of possession to the chattels subject thereto over every one, including the vendor. Not so a stranger. As to the latter the conditional vendor had the superior right of possession. On October 25, 1922, the conditional vendees parted with possession. At that time full payment for the property had not been made. The indebtedness theretofore admitted by Taber, in the absence of evidence to the contrary, must be presumed to have still existed. If not it was incumbent upon the de-

fendant to show it. The condition of the contract against the conditional vendees' parting with possession was therefore breached on October 25, 1922, entitling the conditional vendor at its option to resort to any one of the three remedies reserved and heretofore quoted. Unquestionably the covenant was one that could be waived. Mere passivity or inaction, however, does not constitute waiver. The conditional vendor was entitled to. rest secure upon its reservation of title and was not bound to assert its right to possession. Its actions in that regard did not constitute a waiver. Under the facts of this case we know of no limitation upon the time within which it was incumbent upon the conditional vendor to assert its right to possession short of the period of limitation fixed by the statute upon actions of replevin. This being so the conditional vendor was entitled to retake possession of the property and it becomes immaterial whether it was also entitled to retake possession for the additional ground of breach by the conditional vendees of their covenant to pay the instalments.

Furthermore, the evidence fails to sustain a finding that the conditional vendor waived all claim to the property subject ·to the contract. The remedies of the conditional vendor in the event of default by the conditional vendees are heretofore set forth in the quoted excerpt from the contract. The remedies provided by paragraphs 1 and 3 are affirmative and consistent with the continued existence of the condition that title to the property should not pass to the buyer upon delivery but should remain in the conditional vendor until the purchase price should be paid in full. The remedy provided by paragraph 2, however, is partly affirmative and partly negative. The vendor may expressly waive all claim to the property in which the action would be affirmative or it may take some action from which the

law will imply an election to thereafter treat the sale as an absolute one and hold the conditional vendees as simple debtors.   No express waiver is claimed in the instant case.   Commencement of an action to recover the unpaid portion of the purchase price with interest is given as an example of a sufficient exercise of the option of the conditional vendor from which waiver of its claim to the property might be implied.   Ordinarily, under a common-law contract of conditional sale where title is reserved in the vendor until the full payment of the purchase price, upon the failure by the vendee to comply with the conditions as to payment the vendor may elect to retake the property or may treat the sale as an absolute one and bring an action for the price. But the assertion of either right is taken in law as an abandonment or waiver of the other.   (*Winton Motor Carriage Co.* v. *Broadway Automobile Co.,* 118 Pac. (Wash.) 817; *Park & Lacy Co.* v. *White River Lumber Co.,* 35 Pac. (Cal.) 442; *Holt Mfg. Co.* v. *Ewing,* 42 Pac. (Cal.) 435; *Stewart & Holmes Drug Co.* v. *Ross,* 133 Pac. (Wash.) 577.)   And by the language employed in the remedy provided by paragraph 2 it is apparent that the parties intended that any action taken by the conditional vendor which was inconsistent with the continued existence of the retention of title should be considered as a waiver by the vendor of all claim to the property described in the contract.   But in determining whether or not the conditional vendor elected to treat the sale as an absolute one and waive all claim to the property some affirmative action must appear.   Mere inaction is not sufficient.   "When a debt secured by a reservation of title matures the vendor has the right to retake the property and thus cancel the debt, or he may bring his action to recover the debt and thus affirm the sale and waive the reservation of title; and, as a general

rule, the choice of inconsistent remedies abandons and debars the pursuit of any except the one chosen. * * * But this choice of remedies is to be exercised in the event only that the vendor decides to take some affirmative action. He is not required to act simply because the debt has matured." *Hollenberg Music Co.* v. *Bankston,* 154 S. W. (Ark.) 1139-40. "He may disaffirm the sale and retake the property upon failure of the conditions which it is agreed will vest title in the purchaser, or he may by some act clearly manifesting his intention so to do elect to treat and rely upon the unpaid purchase price as an absolute debt due from the purchaser." *Winton Motor Carriage Co.* v. *Broadway Automobile Co., supra.*

The illustration given in paragraph 2 of the optional remedies reserved to the conditional vendor, which the contract says "shall be sufficient exercise of this option," is not exclusive. Nor is legal action exclusive. (*Baumann* v. *Jefferson,* 23 N. Y. S. 685; *Winton Motor Carriage Co.* v. *Broadway Automobile Co., supra.*) But whether by legal action or otherwise, the election by the conditional vendor to waive title and treat the sale as an unconditional one must be clearly manifested by some affirmative act. Mere passivity or inaction is not enough.

The conditional vendor in the instant case demanded the return of the property. This was consistent with the retention of title. The failure of the vendor prior to that time to bring suit upon past-due instalments or its failure to retake the articles from the possession of the defendant is clearly consistent with the continued ownership of the property by the vendor. We have searched the record in vain for any act committed by the vendor inconsistent with that intention and clearly manifesting an election to waive the right to retake the property and treat the sale as an unqualified one.

Nor did the conditional vendor by its acts and conduct estop itself as to this defendant from asserting title to the property. It does not appear that the conditional vendor had anything to do with the alleged sale to defendant further than to advise the mortgagee and its assignee of its claim to the property and the amount of the indebtedness due under the contract and the value of the property in its then condition. That it made no protest against the sale is immaterial. It was not bound to give any notice to the defendant of its rights. The local statutes do not require the recordation of a conditional sales contract and in the absence of such requirement the rule of *caveat emptor* applies.

The plaintiff in error never having waived title to the property subject to the contract the mortgagor never acquired title and the mortgage, even assuming it to have been effective to create a lien upon after-acquired property of the mortgagor, did not serve upon foreclosure to pass title to the defendant.

The judgment is reversed and the cause remanded with instructions to the trial court to enter judgment for plaintiff for restitution of the property notwithstanding the verdict.

*L. A. Dickey* (also on the briefs) for plaintiff in error.

*Marguerite K. Ashford* (*Thompson, Cathcart & Beebe* on the brief) for defendant in error.